UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ELIZABETH GONZALEZ, et al.,

Plaintiffs,

v.

EVERETT TYRRELL, et al.,

Defendants.

No. C05-847P

ORDER ON PLAINTIFF A.R.Z.'s MOTION FOR VOLUNTARY DISMISSAL

This matter comes before the Court on Plaintiff A.R.Z.'s motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2). (Dkt. No. 67). Having reviewed the papers and pleadings submitted by the parties and the balance of the record in this case, the Court conditionally GRANTS Plaintiff's motion. In light of the unusual circumstances presented in this case, the Court will permit A.R.Z. to voluntarily dismiss his claims without prejudice and without costs. However, as a condition of voluntary dismissal, A.R.Z. must agree: (1) in any subsequent action, he shall not depose any witnesses that have already been deposed in this action; and (2) any discovery already produced and depositions already taken in this action can be used in any subsequent lawsuit. A.R.Z. is directed to notify the Court no later than June 30, 2006 if he accepts these terms as a condition of voluntary dismissal.

The reasons for the Court's order are set forth below.

**Background**

This case was brought by A.R.Z., a minor, and his mother Elizabeth Gonzalez. Their claims arise from an incident that occurred in March 2003. A.R.Z. alleges that he was pepper-sprayed and

arrested by City of Tukwila police officers at a mall and charged with trespassing and resisting arrest. According to A.R.Z., he was acquitted of all charges. A.R.Z., through his mother, filed this lawsuit in May 2005. A.R.Z. brought claims under 42 U.S.C. § 1983, while Ms. Gonzalez brought claims for injuries to her child under RCW 4.24.010. The City of Tukwila, Officer Mike Murphy, and Officer Everett Tyrrell were named as defendants in Plaintiffs' complaint.

The parties have stipulated to the dismissal of Ms. Gonzalez's claims with prejudice and without costs. (Dkt. No. 73). A.R.Z. is now seeking to voluntarily dismiss his claims without prejudice and without costs. Plaintiff's counsel has represented that A.R.Z. moves for voluntary dismissal because he can no longer continue with this lawsuit. (Reply at 3). A.R.Z.'s brother recently died and Plaintiff's counsel indicates that A.R.Z. has been deeply impacted by this death. A.R.Z. requests dismissal of his claims without prejudice because he is a minor and may be able to refile his Section 1983 claims after he turns eighteen in March 2007.

A.R.Z. filed this motion for voluntary dismissal on May 16, 2006, two weeks before the discovery cut-off of May 30, 2006. The trial date is September 25, 2006. At the time that A.R.Z.'s motion was filed, both Defendants Everett Tyrrell and Mike Murphy had filed motions for summary judgment. (Dkt. Nos. 47 & 53).

**Analysis**

Fed. R. Civ. P. 41(a)(2) provides that after a defendant files an answer or a summary judgment motion, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." A motion for voluntary dismissal under this rule is committed to the court's discretion.

The Ninth Circuit has stated that "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001). The court in Smith noted:

> We have previously held that "legal prejudice means "prejudice to some legal interest, some legal claim, some legal argument." In so holding, we also explained that "[u]ncertainty because a dispute remains unresolved" or because "the threat of future litigation . . . causes uncertainty" does not result in plain legal prejudice. Also plain legal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal.

Id. (internal citations omitted).

Defendants maintain that they would suffer prejudice if A.R.Z.'s claims are dismissed without prejudice. Defendants point to the following factors that some courts have considered in deciding whether to dismiss a case with or without prejudice: (1) defendant's efforts and expense in preparing for trial; (2) plaintiff's diligence in prosecuting the action; (3) plaintiff's explanation of the need to dismiss; and (4) the status of the litigation (e.g., whether summary judgment motions have been filed, the immediacy of trial, etc.). See, e.g., Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358-59 (10th Cir. 1996). These factors "need not all be resolved in favor of the moving party for dismissal to be appropriate; likewise, they need not all be resolved in favor of the party opposing the motion to dismiss." Id. at 358. In addition, "they are not exclusive; rather, they are guides for the district court." Id.

Defendants argue that each of these factors weigh in favor of dismissing this action with prejudice. In particular, Defendants assert that they have incurred over $100,000 in defense costs in this matter and note that they had two summary judgment motions pending when A.R.Z. sought to dismiss his case.[1] Defendants also contend that A.R.Z. has not been diligent in prosecuting this action.

In response, A.R.Z. notes that the Ninth Circuit has held that "Rule 41(a)(2) permits a plaintiff, with the approval of the court, to dismiss an action without prejudice at any time." Stevedoring Servs.

---

[1] Defendants note that Plaintiffs failed to file a response to Defendant Murphy's summary judgment motion, which was due on May 15, 2006. However, A.R.Z. filed this motion for voluntary dismissal the following day. Given his intention to seek voluntary dismissal, it is understandable why he did not file an opposition to Defendant Murphy's motion.

of America v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989). A.R.Z. maintains that Defendants would not suffer legal prejudice if this matter is voluntarily dismissed without prejudice, arguing that Defendant would be able to utilize the discovery and motions drafted in this case at a later date if needed. Plaintiff also disputes that he has not been diligent in prosecuting this action.

Having reviewed the balance of the record in this case, the Court finds that Plaintiff has been reasonably diligent in prosecuting this action. Among other things, Plaintiff exhibited diligence by filing a partial summary judgment motion earlier in this litigation with respect to Defendant Murphy (Dkt. No. 26), a motion which was continued due to Defendants' request for additional discovery. It is possible that Plaintiff's counsel could have exercised greater diligence in attempting to serve Officer Tyrrell earlier in this litigation. However, Officer Tyrrell was located in Afghanistan for many months after this lawsuit was filed, a factor that obviously made service more challenging than normal. In addition, Officer Tyrrell would not agree to waive service of process, a refusal that ultimately contributed to increased costs in this action. In addition, it was Defendants rather than Plaintiffs who filed a motion to stay this case shortly after it was filed – a motion that the Court denied and which was essentially unnecessary, given the ability of the Court to address Defendants' concerns through simple adjustments in the case schedule. (Dkt. No. 22).

The Court also agrees with A.R.Z. that a significant amount of the trial preparations by Defendants could be utilized in a subsequent proceeding, including discovery and the arguments and evidence presented in Officer Murphy's pending summary judgment motion. To be sure, the work expended by Officer Tyrrell's counsel in connection with his pending summary judgment motion (Dkt. No. 47) and Plaintiffs' related motion to extend time for service on Officer Tyrrell (Dkt. No. 51) will not likely be reusable in subsequent litigation, since those motions are directed at service of process issues that should not arise in any later lawsuit. At the same time, it should be noted that the expenses of those motions could have been avoided if Officer Tyrrell had agreed to waive service, as requested by Plaintiffs. In addition, the Ninth Circuit has held that "the expense incurred in defending against a

lawsuit does not amount to legal prejudice." Westlands Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996)

The Court also finds that A.R.Z.'s reason for seeking to dismiss this action – the recent death of his brother – is a legitimate and understandable reason for Plaintiff to seek to voluntarily dismiss his case at this time, particularly in light of his age. This is obviously a tragic circumstance entirely beyond A.R.Z.'s control. It is reasonable to expect that the death of a sibling would have a tremendous effect on a seventeen year old and would impede his ability to endure hard-fought litigation in which he will be required to appear as a witness. It would strike the Court as an unduly harsh result to require A.R.Z. to choose between pursuing this litigation in the wake of his brother's death or dismissing his case with prejudice.

As A.R.Z. notes, the Court's consideration of this matter should be guided toward doing substantial justice to both sides. As the Tenth Circuit has observed in the context of Rule 41(a)(2):

> The district court should endeavor to insure substantial justice is accorded to both parties. A court, therefore, must consider the equities not only facing the defendant, but also those facing the plaintiff; a court's refusal to do so is a denial of a full and complete exercise of judicial discretion. In a complex, emotional case such as this, it is critically important when considering a motion to dismiss, the court give the equities of the plaintiff the attention deserved.

Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997); see also 9 Charles A. Wright, et al., Federal Practice & Procedure § 2364 (2d ed. 1995) ("a refusal to consider any equities of the plaintiff is a denial of full and complete exercise of judicial discretion under Rule 41(a)(2)"). A district court is "obligated to consider the novelty of the circumstances" surrounding each case. Ohlander, 114 F.3d at 1531.

As in Ohlander, this case presents unusual and emotional circumstances. Considering the equities facing both sides, the Court finds that A.R.Z. should be permitted to voluntarily dismiss his case without prejudice and that Defendants would not suffer plain legal prejudice as a result of such a dismissal.

In the alternative, Defendants argue that if this matter is dismissed without prejudice, Plaintiff should be required to pay approximately $60,000 of their litigation costs. Specifically, Defendants argue:

> Plaintiffs should be ordered to pay $5,447 in costs and disbursements incurred, as well as (1) $34,200 [in] attorney fees for the Defense work conducted since March 15, 2006, (2) $5,400 for Defense work to prepare the earlier Motion to Stay Proceedings that cannot be used in a subsequent suit, and (3) $15,840 for the Defense work to continue and response to the Plaintiffs' summary judgment motion that was never re-filed, and that cannot be used in a subsequent suit.

(Opp. at 8).

One commentator has noted that an order permitting a voluntary dismissal without prejudice under Rule 41(a)(2) "usually at least should require that the plaintiff pay the costs of the litigation," excluding "expenses for items that will be useful in another action or that were incurred unnecessarily." 9 Charles A. Wright, et al., Federal Practice & Procedure § 2366 at 305-308 (2d ed. 1995). However, as A.R.Z. notes, it is not mandatory for a district court to require a plaintiff to pay the defendant's costs in order to voluntarily dismiss without prejudice. The Ninth Circuit has observed:

> Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed. R. Civ. P. 41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal. Moreover, several courts have specifically held that such payment is not required.

Stevedoring Servs. of America v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989); see also Western Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996) ("Imposition of costs of fees as a condition for dismissing without prejudice is not mandatory").

In light of the circumstances presented here, the Court finds that the equities weigh in favor of permitting A.R.Z. to dismiss his case without prejudice and without payment of costs to Defendants. In making this determination, the Court is guided by many of the same considerations discussed above.

In particular, the Court takes into account A.R.Z.'s age and his reasons for seeking to voluntarily dismiss at this time. A.R.Z. is seeking dismissal due to the recent death of his brother – a

circumstance beyond his control and one which could reasonably be expected to have a significant impact on a seventeen year old's ability to pursue this matter. In this case, conditioning dismissal on A.R.Z's agreement to pay more than $60,000 in costs as requested by Defendants would likely have the practical effect of compelling A.R.Z. to opt instead for dismissal with prejudice. See Plaintiff's Reply at 3 (A.R.Z. indicates that "[i]f the Court were inclined to attach such an award to a dismissal without prejudice, plaintiff would ask for dismissal with prejudice instead"). As the Court noted above, such a result would be unduly harsh in light of Plaintiff's age and the reasons for his request for dismissal.

The Court is not unsympathetic to Defendants' position. They may face the risk of incurring some duplicative legal costs in the event that A.R.Z. decides to pursue litigation after he turns eighteen. However, Defendants should be able to reuse much of their work in this litigation if A.R.Z. chooses to bring a subsequent lawsuit.[2] In an effort to relieve Defendants of potentially duplicative expenses in the event of subsequent litigation, the Court will condition A.R.Z.'s voluntary dismissal of this action on the following terms proposed by Defendants:

(1) A.R.Z. must agree that in any subsequent action, he shall not depose any witnesses that have already been deposed in this action; and

(2) A.R.Z. must agree that any discovery already produced and depositions already taken in this action can be used in any subsequent lawsuit.

---

[2] Defendants do not suggest that all of their litigation costs after March 15, 2006 were expended on work that would not be useful in continuing litigation; indeed, it appears that much of that work concerned discovery or Officer Murphy's summary judgment motion, work which should be useful in any subsequent litigation. In addition, it appears that some of the expenses that Defendants claim for their work in connection with their motion to continue Plaintiffs' partial summary judgment motion include "work to respond on the merits as needed." (Dkt. No. 71 at 5). Such work would also appear to be useful in subsequent litigation.

This order is conditional on A.R.Z.'s acceptance of these terms. A.R.Z. is directed to indicate to the Court whether he agrees to voluntary dismissal on these terms no later than June 30, 2006.

**Conclusion**

For the reasons discussed above, the Court conditionally GRANTS Plaintiff's motion to voluntarily dismiss pursuant to Fed. R. Civ. P. 41(a)(2) without prejudice and without costs. However, as a condition of voluntary dismissal, A.R.Z. must agree: (1) in any subsequent action, he shall not depose any witnesses that have already been deposed in this action; and (2) any discovery already produced and depositions already taken in this action can be used in any subsequent lawsuit. A.R.Z. is directed to notify the Court no later than June 30, 2006 if he accepts these terms as a condition of voluntary dismissal. The Court will defer entry of judgment until it receives a response from A.R.Z.

The Clerk is directed to send copies of this order to all counsel of record.

Dated: June 16, 2006

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge